UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

MARYBETH K. MASON, as the surviving )
spouse of RICHARD B. MASON, )
)
Plaintiff )
)  Case No. 2:11-0124
v. )  Magistrate Judge Brown
)  **Jury Demand**
CARLA A. NELMS, DESIGN )
TRANSPORTATION SERVICES, INC., )
)
Defendants )

## CASE MANAGEMENT ORDER

Pursuant to Local Rule 16(d), the following Initial Case Management Plan is **adopted**.

I. **JURISDICTION**

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, jurisdiction is proper before this Court. Plaintiff is a citizen and resident of Wilson County, Tennessee. Defendant Carla Nelms is a citizen and resident of Fort Worth, Texas. Defendant, Design Transportation Services, Inc., is a Texas corporation with its principal place of business in the State of Texas.

The Jurisdiction of the Court is not disputed.

II. **PLAINTIFF'S THEORY OF THE CASE**

    A.    T.C.A. § 55-10-205.

    B.    T.C.A. § 55-10-311.

    C.    T.C.A. § 56-7-1201.

    D.    Rule 392.7 of the Federal Motor Carrier Safety Administration.

    E.    Negligence.

    F.    Negligence, *per se*.

G.  Respondent Superior/Agency relationship.

H.  Uninsured/Underinsured Motorist Liability Coverage.

A.  **Carla A. Nelms:** On November 12, 2010, Decedent, Richard B. Mason was kneeling next to a 2011 International Tractor Trailer which was parked at the rest stop located near mile marker 252 on I-40 Westbound in Smith County, Tennessee. The tractor trailer truck was not running at the time. Defendant Carla A. Nelms had been present in the sleeper cabin portion of her vehicle and decided to move the truck after it had been parked. Suddenly, and without warning, the driver, Carla A. Nelms, started the truck and moved forward, crushing decedent. The Defendant Carla A. Nelms, had a duty to the deceased to exercise due and proper control of the vehicle that she was operating as well as a vigilant watch for bystanders, vehicles and obstructions. The Defendant Carla A. Nelms, negligently failed to keep the semi she was operating under due and proper control. The Defendant Carla A. Nelms drove the vehicle in willful and wanton disregard for the safety of persons and property in violation of T.C.A. § 55-10-205. The Plaintiff's position is that but for the violation of this statute the death of Richard B. Mason would not have occurred. Plaintiff further states that Defendant Nelms owed a duty pursuant to Rule 392.7 of the Federal Motor Carrier Safety Administration to conduct a proper inspection of the commercial motor vehicle prior to operation. Plaintiff states that pursuant to this rule, an inspection would have certainly enabled Defendant Nelms to discover the presence of the deceased Mr. Richard B. Mason located kneeling next to her trailer, thus preventing his death. The Plaintiff's position is that Defendant Nelms owed a duty pursuant to Rule 392.95 of the Federal Motor Carrier Safety Administration to conduct a proper inspection of the cargo, securement device and systems prior to the operation, and periodic reexamination of the same. This reexamination can only be accomplished properly while the vehicle

is stopped and not in motion. The Plaintiff states that pursuant to this rule, an inspect would have certainly enabled Defendant Nelms to discover the presence of the deceased Richard B. Mason located kneeling next to her trailer, thus preventing his death. The Defendant Nelms failed to comply with these basic rules and regulations of the Federal Motor Carrier Safety Administration. As a direct and proximate result of the Defendant's negligence and negligence *per se*, Richard B. Mason was killed. Defendant's negligence and negligence *per se* caused the untimely death of the Decedent, Richard B. Mason. The Plaintiff states that the operation of such a large commercial vehicle involves such an increased risk of death and/or injury that there exists a heightened duty of care. The Plaintiff states that the heightened duty of care is evidenced by the special training and licensure that is required to operate such a vehicle on public roadways of the State of Tennessee and the United States. The Plaintiff states that the breach of the common law duty as well as the statutory and regulatory duties constitute not only negligence and negligence *per se*, but rise to the level of recklessness and/or gross negligence.

**B.     Design Transportation Services, Inc.:** Defendant Carla A. Nelms was operating the 2011 International Tractor Trailer on November 12, 2010, with the consent, knowledge and for the benefit and furtherance of the business of the Defendant Design Transportation Services, Inc., thus rendering Design Transportation Services, Inc. liable under the doctrine of *respondeat superior*. Further, the Plaintiffs rely upon the statutory presumption of an agency relationship as established by T.C.A. § 55-10-311 as it pertains to Defendants Helms and Design Transportation Services, Inc., thus rendering Design Transportation Services, Inc. liable for the actions of its agent Defendant Helms.

C.      **Tennessee Farmers Mutual Insurance Company.** Richard B. Mason's uninsured and/or underinsured motorist liability carrier is Tennessee Farmers Mutual Insurance Company. Plaintiff placed their uninsured and/or underinsured motorist liability carrier on notice, pursuant to T.C.A. § 56-7-1201, *et seq.*, in the event there is no liability coverage afforded any party in this action or such coverage is inadequate to compensate them for their damages.

## III. DEFENDANTS' THEORY OF THE CASE

A.      **Carla A. Nelms & Design Transportation Services, Inc.** On November 12, 2012, Defendant Nelms was traveling westbound on Interstate 40. At approximately 4:50 p.m. Nelms pulled her tractor trailer into a parking area for such vehicles near mile marker 252 in Smith County, Tennessee, to stay for the night. The area was for commercial parking only. Nelms parked her unit on the right side of the parking area near the exit and behind on other commercial vehicle.

Sometime between 6:30 and 7:00 p.m., the commercial vehicle positioned in front of Nelms' unit exited the parking area. To avoid being blocked in, Nelms decided to move her unit forward a few feet into the first parking position nearest the exit. As a result, Nelms started her unit, activated her lights, and began to move forward.

Shortly before the accident, Richard B. Mason was seen underneath Nelms' trailer near the rear driver's side. Consequently, Mason was struck by the trailer tires as Nelms moved her unit forward. Mason had no reason to be underneath the vehicle, and subsequent toxicology reports revealed that Mason was intoxicated at the time of the accident with a high blood alcohol level.

Accordingly, Defendants generally deny all allegations of negligence asserted against them in the Complaint. Specifically, Defendants contend that, at all times material to this case, they exercised due care in operating the vehicle at issue operated by Nelms on the day of the accident and that Nelms was properly trained and qualified to operate the vehicle on the day of the accident.

Defendants assert that Nelms obeyed all rules of the road prescribed by Tennessee statutes and met the common law standard of care applicable to drivers on Tennessee highways or highways in any jurisdiction. Further, Defendants assert that they obeyed all rules promulgated by the Federal Motor Carrier Safety Administration. Defendants contend that they did not act fraudulently, recklessly, intentionally, and/or maliciously so as to justify an award of punitive damages and further assert that Plaintiff can not set forth proof or evidence to the contrary.

Defendant Design transportation Services, Inc. denies any liability under the doctrines of respondent superior, agency, vicarious liability, joint ventures, single business enterprise and/or alter ego. In addition, Defendants affirmatively assert that Richard B. Mason failed to exercise ordinary care for his own safety and his negligence caused or contributed to Plaintiff's damages to such a degree that Plaintiff's claims are barred under Tennessee modified comparative fault scheme or should be reduced accordingly. Defendants also assert that Plaintiff's recovery is barred by assumption of risk.

**B.     Tennessee Farmers Mutual Insurance Company.** Pursuant to the right of Tennessee Farmers Mutual Insurance Company to prevent the evidence of insurance from being presented to the jury, unless it elects to defend in its own name at the trial hereof, the Defendant, Tennessee Farmers Mutual Insurance Company, avers that the claims, losses, and damages sued for herein were not caused by the legal fault or negligence of the owner or operator of an uninsured/underinsured motor vehicle. Tennessee Farmers Mutual Insurance Company further relies upon all the terms, conditions, provisions, and limitations of its policy of insurance purportedly sued upon by the Plaintiff herein, and further expressly avers that even if it were liable for uninsured/underinsured motorist benefits herein, its liability would be limited to the amounts set forth as the policy limit in this case, a copy of which policy will be filed in the record at the

appropriate time in this cause, if necessary. Tennessee Farmers Mutual Insurance Company reserves the right to raise any and all policy defenses, policy violations, or other breach of conditions of the policy which may now or hereafter be known to it, or which may now or hereafter exist, in bar of its alleged liability as uninsured/underinsured motorist carrier.

IV. **IDENTIFICATION OF THE ISSUES**

    A. **Plaintiff: Issues to be Determined by the Jury:**

        1. Did Defendant Nelms violate T.C.A. § 55-10-205 thereby causing the death of Richard Mason?

        2. Was Defendant Nelms guilty of negligence and negligence *per se* thereby causing the death of Richard Mason?

        3. Did Defendant Nelms violate Rule 392.9 of the Federal Motor Carrier Safety Administration by failing to conduct a proper inspection of the cargo, securement device and systems prior to the operation of the 2011 International Tractor Trailer thereby causing the death of Richard Mason?

        4. Is Design Transportation Services, Inc. liable for the negligent acts of Defendant Nelms under the doctrine of respondent superior?

    B. **Defendants:** Unresolved issues include the applicability of the statutes, rules, and regulations cited by Plaintiff, whether Defendants were in violation of any applicable statute, rule or regulation, and any liability of the part of Defendants. In addition, Defendants allege the comparative fault of Plaintiff and assumption of risk. As such, apportionment of fault and the amount of damages is also unresolved at this time.

## V. NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER RULES 13-15, 17-21 AND RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

At this time, based on limited discovery and investigation, Defendants do not anticipate filing any type of claim as permitted under Rules 13-15-, 17-21 or 23 of the Federal Rules of Civil Procedure.

## VI. WITNESSES

A. Plaintiff shall disclose to Defendants the identity of any liability expert witnesses to be used at trial and provide all information required under Federal Rule of Civil Procedure 26(a)(2)(B), including but not limited to reports on or before **October 29, 2012**, and shall make them available for deposition no later than **January 29, 2013**.

B. Defendants shall disclose to Plaintiff the identity of any liability expert witnesses to be used at trial and provide all information required under Federal Rule of Civil Procedure 26(a)(2)(B), including but not limited to reports on or before **December 17, 2012**, and shall make them available for deposition no later than **March 18, 2012**.

C. Deadlines with respect to all other experts shall be addressed at a later scheduled case management conference.

## VII. INITIAL DISCLOSURES AND STAGING OF DISCOVERY

The parties shall make their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) by **March 19, 2012.**

Discovery is not stayed during dispositive motions, unless ordered by the Court.

All nonexpert liability discovery (excluding requests for admissions, but not including all other written discovery and depositions) shall be completed on or before **September 12, 2012**.

Deadlines with respect to non-liability discovery shall be addressed at a later scheduled case management conference..

Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with Magistrate Judge Brown. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain with the Court.

## VIII. DISPOSITIVE MOTIONS

All dispositive motions shall be filed by **April 19, 2013**, so as to be heard no later than **90 days** before the trial date. Any response shall be filed **28 days** of the filing of the motion. Any reply, if necessary, shall be filed within **14 days** after the date the response is filed.

The motion and response memoranda are limited to **25 pages** and the reply, if any, is limited to **five pages**, absent Court permission for longer pleadings. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

## IX. OTHER DEADLINES

Requests for admissions maybe served at any time prior to trial, subject to the time for response provided in Federal Rule of Civil Procedure 36(a).

## X. SUBSEQUENT CASE MANAGEMENT CONFERENCE

A telephone conference with Magistrate Judge Brown to discuss case progress is set for **November 19, 2012, at 1:30 p.m. To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

## XI. ALTERNATIVE DISPUTE RESOLUTION

The parties agree that mediation of this matter may be appropriate. The parties are not ordered to attend ADR at this time, but shall report to the Court the status of their ADR activities, if any, on or before **November 19, 2012**.

## XII. CONSENT TO TRIAL BEFORE THE MAGISTRATE JUDGE

The parties consent to trial before the Magistrate Judge.

## XIII. TRIAL DATE

The parties estimate that this jury trial will take four days, depending on what issues remain for trial. This matter is set for trial on **September 10, 2013, at 9:30 a.m. in Cookeville, Tennessee.** Magistrate Judge Brown will conduct the final pretrial conference on **August 20, 2013, at 1:30 p.m, in Nashville, Tennessee**, and will issue a separate order covering his requirements for the final pretrial conference and trial.

It is so **ORDERED.**

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge